FILED
APR 15 2010
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BYRON L. SCOTT,<br><br>    Petitioner,<br><br>v.<br><br>LARRY SMALL, Warden,<br><br>    Respondent. | Case No. EDCV 10-00492-R (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

**I.  Factual and Procedural Background**

Petitioner is a state prisoner currently incarcerated at the California State Prison in Calipatria, California. He filed this petition, entitled a motion for redress of grievance, on March 18, 2010. Petitioner asserts jurisdiction under 28 U.S.C. § 1333, which grants jurisdiction to district courts in admiralty, maritime, and prize cases. Because the petition challenges a judgment under which Petitioner is currently serving a prison sentence, it shall be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. And, because this is Petitioner's third habeas corpus petition challenging the same underlying state court conviction, the petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

In 1996, Petitioner was convicted of first degree murder, residential burglary, and residential robbery. Cal Penal Code §§ 187, 459, 211. He was subsequently sentenced to a term of life without parole plus seven years. The California Court of Appeal affirmed the judgment in November 1997. It does not appear that Petitioner filed an application for review in the California Supreme Court following this decision by the court of appeal.

On October 12, 2004, Petitioner filed a petition for writ of habeas corpus in this Court challenging the 1996 convictions. *Scott v. Runnels*, Case No. EDCV 04-1274-R (Mc). Respondent filed a motion to dismiss the petition, contending that the petition was time-barred by the 1-year statute of limitations set out in 28 U.S.C. § 2244(d)(1)(A). On April 15, 2005, this Court dismissed the petition with prejudice, finding that it was untimely filed. The United States Court of Appeals for the Ninth Circuit denied a certificate of appealability on September 13, 2005.

On November 23, 2009, Petitioner filed his second petition for writ of habeas corpus challenging the 1996 judgment. On December 2, 2009, this Court summarily dismissed the petition without prejudice, finding that it was a successive petition within the meaning 28 U.S.C. § 2244 and that Petitioner had failed to obtain approval from the court of appeals before filing the petition. *Scott v. Small*, Case No. EDCV 09-2163-R (MLG).[1]

In the current petition, Petitioner again seeks to challenge the same 1996 convictions and judgment presented in the petitions addressed

---

[1] Petitioner filed a request for leave to file a successive petition in the United States Court of Appeals for the Ninth Circuit on January 12, 2010. It was denied on March 8, 2010. *Scott v. Small*, Case No. 10-70100.

2

in Case Nos. EDCV 04-1274-R (Mc) and EDCV 09-2163-R (MLG). Here, Petitioner raises four new grounds for relief. For the reasons set forth below, the petition is ordered dismissed.

## II. Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

While Petitioner has labeled the petition as one to redress grievances, and asserts jurisdiction under 28 U.S.C. § 1333, the petition is a direct challenge to a judgment of conviction entered by a state court, and therefore section 2254 is the exclusive vehicle for relief. *See Carlisle v. United States*, 517 U.S. 416, 428-28 (1997)("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling.") (internal quotation marks and citation omitted), *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

This petition is therefore governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132,

110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 157.

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(I). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.") This is so even if the dismissal of the earlier petition was based upon the failure to comply with the one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81

(2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Reyes, 276 F.Supp.2d at 1029 (same).

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of a new habeas corpus petition, this Court lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition is required.

**III. Order**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED.

Dated: April 14, 2010

_____
Manuel L. Real
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge